AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20) ☐ Original ☐ Duplicate Original

FILED
CLERK, U.S. DISTRICT COURT
9/1/23
CENTRAL DISTRICT OF CALIFORNIA
BY: jm DEPUTY

# UNITED STATES DISTRICT COURT

for the

Central District of California

United States of America

v.

TYLON DONTAE BRANCH,

Defendant(s)

Case No. 2:23-mj-04510-DUTY

LODGED
CLERK, U.S. DISTRICT COURT
9/1/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: CD DEPUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of August 18, 2023, in the county of Los Angeles in the Central District of California, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Ammunition |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ John E. Hackman
*Complainant's signature*

John E. Hackman, ATF TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 9/1/23

*Judge's signature*

City and state: Los Angeles, California

Hon. Michael Wilner, U.S. Magistrate Judge
*Printed name and title*

AUSA: Derek R. Flores x4896

**AFFIDAVIT**

I, John E. Hackman, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant for Tylon Dontae BRANCH ("BRANCH") for a violation of Title 18, United States Code, Section 922 (g)(1): Felon in Possession of Ammunition. As discussed below, BRANCH illegally possessed a loaded firearm during a traffic stop on August 18, 2023. After law enforcement found that there was an active arrest warrant for BRANCH and asked him to step out of his car, BRANCH sped away and drove his car into oncoming traffic, resulting in BRANCH crashing his car into other vehicles.

2. The facts set forth in this affidavit are based on my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and search warrants and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND FOR TASK FORCE OFFICER JOHN E. HACKMAN

3. I am a Task Force Officer ("TFO") with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I am also a Police Officer for the City of Los Angeles and have been for approximately 16 years. I am currently assigned to the Metropolitan Division Crime Impact Team and am tasked with investigating serial crimes, violent crimes, and crimes involving weapons. I was previously a Gang Enforcement Officer at the Southwest Division and the Devonshire Division. I have received training in, and I have conducted, investigations of offenses involving illegal possession and use of firearms. Through my training and experience, I am familiar with the ways in which people who are prohibited from possessing firearms acquire, possess, and conceal firearms and ammunition. I am also familiar with the ways in which drug traffickers and those prohibited from possessing firearms use coded language and digital devices to commit and conceal their crimes.

## III. SUMMARY OF PROBABLE CAUSE

4. On August 18, 2023, Los Angeles Police Department ("LAPD") Police officers arrested BRANCH after he fled from a traffic stop and crashed his car into several vehicles, including a head-on collision that caused injury to others. After arresting BRANCH, officers searched his car and found a loaded self-manufactured Glock-style handgun bearing no serial number loaded with eight live rounds of 9mm ammunition on the driver's side floorboard of his car. BRANCH has a significant criminal history, including felonies for lewd and lascivious

acts involving a child under 14, failure to register as a sex offender, and drugs.

## IV. STATEMENT OF PROBABLE CAUSE

5. Based on my training and experience, investigation in this case, review of law enforcement reports, review of audio and video recordings, and conversations with other law enforcement agents, I am aware of the following:

### A. August 18, 2023, Traffic Stop by LAPD Officers

6. On August 18, 2023, LAPD Officers Mubiala and Alfaro were driving a marked Black and White LAPD Police car in the area of East 7th Street and Maple Avenue in City/County of Los Angeles. The officers observed a White Honda Accord bearing California license plate number 7XJL213 driving with expired registration tags, in violation of California Vehicle Code Section 4000(a)(1).

7. Before conducting a traffic stop, the officers verified that the vehicle did, in fact, have expired tags through a search of officers' mobile data computer (MDC). That query revealed that the Accord's registration had been expired since March 2020. The officers initiated a traffic stop in the area of Los Angeles Street North of East 7th Street for the above vehicle code violation.

8. The officers approached the car and spoke with the driver and sole occupant (later identified as BRANCH). Officer Mubiala told BRANCH the purpose of the traffic stop. BRANCH told Officer Mubiala that he had just purchased the vehicle and was in the process of renewing the registration for the vehicle.

Officer Mubiala asked for BRANCH's license, vehicle registration, and proof of insurance. BRANCH showed Officer Mubiala a photograph of his driver's license on his phone, which had BRANCH's name on it, but BRANCH failed to provide vehicle registration and proof of insurance.

9. Officer Mubiala returned to his patrol car and queried the driver's license status and BRANCH for any want and/or warrant information. The query revealed a felony warrant for an Assault with a Deadly Weapon violation under California Penal Code Section 245(A)(4) with a bail amount of $250,000.00 under case number BA50930001.

10. Officer Teyechea and Officer Albizures responded to the scene upon the notification of the felony warrant for BRANCH. Officer Mubiala returned to the driver's side of the vehicle and spoke with BRANCH. Officer Mubiala asked him to exit the vehicle to verify his identity. BRANCH refused to obey Officer Mubiala commands, started the vehicle, and sped away into oncoming traffic. BRANCH then collided with approximately five other vehicles about a block away before coming to rest against two parked vehicles on the east curb in front of 630 S. Los Angeles Street. Two of the occupants from those vehicles were later transported to the hospital so that their injuries could be treated.

11. Officer Teyechea and Officer Albizures then saw BRANCH flee the vehicle on foot and enter the Big Apple Market at 601 S. Los Angeles Street wearing an orange shirt. The officers momentarily lost sight of BRANCH but relocated him inside the

Prime Cell Store (630 S. Los Angeles Street) now wearing a white shirt. BRANCH was also wearing socks but no shoes. LAPD officers then arrested BRANCH.

12. Officers Cundiff and Canada responded to BRANCH's vehicle -- which was inoperable with its airbags deployed -- to conduct a vehicle impound inventory search pursuant to California Vehicle Code Section 22651(h). Upon opening the driver's side door, Officer Canada saw a gun on the driver's side floorboard. Officer Mubiala responded, recovered the gun, and rendered it safe. The gun was a self-manufactured Glock-style ghost gun bearing no serial number that was loaded with eight rounds of ammunition --- including one round in the chamber.

**B. BRANCH Has a Lengthy and Significant Criminal History**

13. On August 21, 2023, I reviewed BRANCH's criminal history using the California Law Enforcement Telecommunications System ("CLETS") and National Crime Information Center ("NCIC") databases. Based on my review of this information, I learned that BRANCH has previously been convicted of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

a. On or about March 21, 2023, BRANCH was convicted of Assault with a Deadly Weapon Not Firearm, in violation of California Penal Code Section 245(a)(4) in the Superior Court of the State of California, County of Los Angeles, in case number BA50930001;

b. On or about November 15, 2011, BRANCH was convicted of Sex Registration and Registration Violations, in violation of California Penal Code Sections 290(b) and 290.013 in the Superior Court of the State of California, County of Los Angeles, in case number NA09046101;

c. On or about October 22, 2008, BRANCH was convicted of Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, in case number BA34695001;

d. On or about March 22, 2001, BRANCH was convicted of Lewd or Lascivious Acts, in violation of California Penal Code Section 288(a), in the Superior Court of the State of California, County of Los Angeles, in case number NA04822001;

e. On or about March 24, 1999, BRANCH was convicted of Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, in case number BA18287901;

f. On or about November 13, 1997, BRANCH was convicted of Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Los Angeles, in case number BA15705501.

14. Based on my review of BRANCH’s criminal history, I also know that he has been convicted of multiple misdemeanors including trespassing and receiving stolen property. At the time that BRANCH illegally possessed a loaded gun, he had a warrant

for his arrest related to a probation violation in case number BA50930001 where had been convicted of Assault with Deadly Weapon Not Firearm, in violation of California Penal Code Section 245(a)(4).

**C. The Ammunition BRANCH Possessed Was Manufactured outside California**

15. I consulted with ATF Special Agent Michael Montevidoni, a firearms expert, who told me that he reviewed the 8 rounds of ammunition loaded in BRANCH's gun and concluded that:

a. 7 rounds of ammunition were manufactured by Sig Sauer in Kentucky or Arkansas; and

b. 1 round of ammunition was manufactured by ZQI in the country of Turkey.

16. Because the ammunition was not manufactured in California, they affected interstate and/or foreign commerce.

**V. Conclusion**

17. For all the reasons described above, there is probable cause to believe that BRANCH has committed a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 1st day of September, 2023.

HONORABLE MICHAEL WILNER
UNITED STATES MAGISTRATE JUDGE